BONITA REDDICK,                 )
                                      )
         **Plaintiff,**       )
                                        )
**vs.**                              )
                                      )
                                      )       **ORDER**
                                        )
                                      )
**JON BARRY & ASSOCIATES,**    )
**d/b/a PARAGON RECOVERY CO.,** )
**LLC,**                          )
                                      )
         **Defendant.**     )
_____ )

      **THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 15 U.S.C. § 1681, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

### I.      BACKGROUND

      In this action, the pro se Plaintiff alleges that Defendant Jon Barry & Associates, d/b/a Paragon Recovery, LLC, a debt collector, has violated the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1962 et seq. Specifically, Plaintiff alleges that Defendant furnished false information to credit reporting agencies, in violation of Section 1681s-2(a) of the Act, and further failed to respond properly upon receiving notice of a dispute from Plaintiff, in violation of Section 1681s-2(b) of the Act.

      The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In Plaintiff's sworn application, she reports that she receives monthly gross pay of $6800.00, with a net

income of $5200.0. (Doc. No. 2 at 1). She also reports monthly expenses totaling $4925.00. Of her monthly expenses, Plaintiff pays $2905.00 for loans, $630.00 in garnishment to "N.C. State," and $150.00 to an attorney. She reports monthly household expenses of $550.00 for utilities, $235.00 for life insurance, $336.00 for health insurance, and $199.00 for cell phone expenses. Plaintiff states that she has $25.00 in a checking or savings account. The Court finds that, based on the evidence presented and given that Plaintiff's monthly expenses are almost equal to her net monthly income, the Court will grant Plaintiff's motion to proceed in forma pauperis.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

As noted, Plaintiff alleges that Defendant failed to furnish accurate information to the consumer reporting agencies in violation of 15 U.S.C. § 1681s-2(a). See (Doc. No. 1 at 2) (alleging that Defendant "reported false and erroneous account entries onto one or more of her consumer credit report[s]"). Plaintiff correctly argues that such section provides that "[a] person

shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a). However, there is no private right of action for a violation of 15 U.S.C. § 1681s-2(a). Rather, enforcement of Section 1681s-2(a)'s duty on furnishers to report accurate information is limited to federal agencies and officials and state officials. 15 U.S.C. § 1681s-2(d); Beattie v. Nations Credit Fin. Servs. Corp., 69 Fed. Appx. 585, 591 (4th Cir. 2003) (noting that "15 U.S.C. § 1681s-2(c) and (d) limit enforcement of subsection (a) to 'Federal agencies and officials and . . . State officials'"); Ross v. Gordon & Weinberg, P.C., No. 3:09cv482, 2011 WL 3841549, at *5 (W.D.N.C. Aug. 30, 2011); Donovan v. Bank of Am., 574 F. Supp. 2d 192, 205 (D. Me. 2008); Nelson v. Equifax Info. Servs., LLC, 522 F. Supp. 2d 1222, 1230 (C.D. Cal. 2007). Thus, this action will be dismissed.

## IV.    CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice.

2. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review of the Complaint.

Signed: November 21, 2014

Frank D. Whitney
Chief United States District Judge

3